UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                  DECISION AND ORDER
        v.                                                               96-CR-134A

CHRISTOPHER DAVIS,

                Defendant.

## **BACKGROUND**

On December 3, 1996, this Court sentenced the defendant, Christopher Davis, to 80 months of imprisonment and 3 years of supervised release following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a), and unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The defendant served his sentence and commenced his supervised release sentence on June 17, 2003.

On or about March 30, 2004, the United States Probation Office filed a petition alleging that the defendant had violated the terms of his supervised release. Specifically, the petition alleged that on March 27, 2004, the defendant violated the mandatory condition that he not commit any federal, state or local crimes while on supervised release when he committed the crime of

Assault in the 2nd Degree, a Class D Felony, by striking an individual named Louis Miles in the mouth with a beer bottle.

On April 25, 2005, the defendant filed a motion to dismiss the violation and to exclude statements made by the alleged victim, Louis Miles, on the ground that Miles, who died of an unrelated illness on December 22, 2004, was unavailable for cross-examination. Defendant argued that permitting the introduction of Mr. Miles's statement to the police would violate his rights under the Confrontation and the Due Process clauses of the United States Constitution. The government opposed the motion and argued that Miles's statement was admissible.

On May 9, 2005, the Court held a hearing on the alleged violation. Buffalo Police Officers Patrick Crowley and Ken Barney testified at the hearing. Both officers testified that on March 27, 2004, at approximately 3:30 a.m., they responded to a 911 call at the 86 Club West, located at 531 Broadway Street in Buffalo, New York. Officer Barney was the first to arrive. Officer Crowley arrived shortly thereafter.

Upon arrival, the officers learned that an altercation had occurred between the defendant and Louis Miles. The officers testified that Miles told them that he was working behind the bar of the Club that night. Miles told the officers that the defendant attempted to get behind the bar and Miles stopped him. The defendant then grabbed a beer bottle and hit Miles in the mouth. The

officers did not observe the incident or Miles's injury, but they did see Miles holding a bloody towel to his mouth.

The government offered Miles's statement into evidence. In his statement, Miles accuses the defendant of hitting him in the mouth with a beer bottle and "causing pain, bruising and lacerations" to his lips. See Gov't Exh. 1. Miles also allegedly suffered a broken tooth to his dental partial. Neither Officer Barney nor Officer Crowley witnessed Miles sign the statement, which is dated May 27, 2004. However, according to Crowley, under regular police procedures, the victim would have read the complaint, indicated to the report technician[1] who typed it that it was accurate, and then signed it the night of the incident.

The government also called United States Probation Officer Diane Root. Probation Officer Root testified that the defendant was in fact the Christopher Davis who had been arrested and accused of assault on March 27, 2004.

Following the hearing, the parties filed post-hearing briefs. The matter was deemed submitted on September 2, 2005.

---

[1] The report technician did not testify and was not identified at the hearing.

**DISCUSSION**

The defendant has moved to dismiss the petition arguing that the introduction of Mr. Miles's statement violates his rights under the Confrontation Clause, pursuant to Supreme Court's decision in <u>Crawford v. Washington,</u> 541 U.S. 36 (2004), and the Due Process Clause.  The Court finds it unnecessary to reach these issues because the Court finds that, even with Mr. Miles's statement, there is insufficient evidence to support the alleged violation.

On a motion to revoke supervised release, the government need only prove the alleged violation by a preponderance of evidence, not beyond a reasonable doubt.  <u>See</u> 18 U.S.C. § 3583(e)(3).

The petition alleges that the defendant violated the terms of his supervised release by committing the offense of Assault in the Second Degree, in violation of Section 120.05(2) of the New York State Penal Law, which provides:

> A person is guilty of assault in the second degree when
> . . .(2) with intent to cause physical injury to another
> person, he causes such injury to such person or to a
> third person by means of a deadly weapon or a
> dangerous instrument . . . .

The defendant argues that the evidence was insufficient to establish that the victim suffered "physical injury" as defined in the statute.  The Court agrees.

"Physical injury" is defined as an injury that causes "impairment of physical condition or substantial pain." See N.Y. Penal Law, § 10.00(9). In determining whether the victim suffered "substantial pain" the trier of fact can consider, among various factors, the subjective reaction of the person, the extent of the injury, and whether the victim sought medical attention. The "substantial pain" requirement may be satisfied by evidence of lingering pain, or short-lived but intense pain. People v. Bouyea, 142 A.D.2d 757 (3d Dep't 1988).

The evidence showed that the defendant suffered a cut to his lip and damage to his dental work as a result of the injury. Both officers testified that they observed Mr. Miles holding a bloody towel to his lip. Miles told the police that the defendant hit him in the mouth with a beer bottle causing "pain, bruising and lacerations" to his lips and damage to his dental partial.

The existence of a cut lip and a broken tooth, without more, is insufficient to establish that Miles suffered "substantial pain." In Matter of Philip A., 49 N.Y.2d 198 (1980), the New York Court of Appeals held that evidence that the victim "was hit, that it caused him pain, the degree to which was not spelled out, caused him to cry and caused a red mark" was insufficient to establish the requisite "substantial pain" necessary to support a conviction for Assault in the Third Degree. Similarly, in People v. Chandler, 120 A.D. 2d 542 (2nd Dep't 1986), the Court dismissed a charge of Assault in the Third Degree where the

evidence established only that the victim was struck in the head with a gun, but there was no evidence that blow caused the victim to lose consciousness, fall down, seek medical treatment or suffer any after effects.  See also People v. Jimenez, 55 N.Y.2d 895 (1982) (holding that testimony that the victim suffered a one-centimeter cut above her lip, without more, was not adequate to establish substantial pain); Matter of Shawnell UU, 240 A.D.2d 947 (3d Dep't 1997) (finding evidence insufficient to establish "substantial pain" where the victim suffered two clean cuts to his fingers, which were treated with band-aids, did not cause scarring, and no testimony was offered as to whether the cuts caused the victim any pain); People v. Sanders, 245 A.D.2d 471 (2d Dep't 1997) (holding that evidence that victim was cut on palm of hand with razor did not satisfy "physical injury" requirement of § 10.00(9) where victim did not testify or seek medical treatment); but see People v. Dailey, 222 A.D.2d 278 (1st Dep't 1995) (holding that evidence that victim sustained a "split lip" causing him "sharp" pain which made it difficult for him to eat was sufficient to establish "substantial pain" under statute).

    Here, the evidence showed only that Miles suffered a cut on his lip and damage to his dental work as a result of being hit in the face with a beer bottle.  There was no evidence as to how large the cut was (as neither officer observed it), whether Miles sought medical attention, or the extent of the pain caused by the injury.  Based upon this record, the evidence is insufficient to

support the charged violation of Assault in the Second Degree, or the lesser-included offense of Assault in the Third Degree, both of which require showing that the victim suffered a "physical injury" that caused a physical impairment or "substantial pain." See N.Y. Penal Law § 10.00(9).

## **CONCLUSION**

Because the Court finds that the evidence is insufficient to sustain the alleged violation, the petition is dismissed.

IT IS SO ORDERED.

*/s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: November 2, 2005